UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
NOV 3 0 2007
NOV 30 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

GEORGE EDWARDS, )
)
Plaintiff, )
)
vs. ) 07cv6747
) JUDGE GUZMAN
) MAG. JUDGE DENLOW
CITY OF CHICAGO, ILLINOIS, )
and CHICAGO POLICE OFFICER )
J.L. TUCKER, STAR NO. 5542, and )
CHICAGO POLICE OFFICER )
G.L. LEE, STAR NO. 15949 )
)
Defendants. ) **JURY TRIAL DEMANDED**

## COMPLAINT

Now comes Plaintiff, GEORGE EDWARDS, ("Plaintiff"), by and through one of his attorneys, Jeffrey B. Granich, and makes the following complaint against Defendant, CITY OF CHICAGO, ILLINOIS, ("Defendant City"), and CHICAGO POLICE OFFICER TUCKER, STAR NO. 5542, and CHICAGO POLICE OFFICER G.L. LEE, STAR NO. 15949, ("Defendant Officers"), and states as follows:

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4. At all times relevant hereto, Plaintiff George Edwards was an African-American, male resident of Chicago, Illinois.

5. At all times relevant hereto, Chicago Police Officer Tucker, Star No. 5542 and Chicago Police Officer Lee, Star No. 15949, were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

6. Defendant City of Chicago is a municipal corporation existing under the laws of Illinois, and is the employer and principal of the Defendant Officers.

## FACTUAL ALLEGATIONS

7. On or about the afternoon of December 1, 2006, in the vicinity of 555 West 61st Street, Chicago, Illinois, Plaintiff Edwards was pulled over in his vehicle by Defendant Officers.

8. At this time, Defendant Officers did not observe Plaintiff Edwards violate any laws, statutes, and ordinances of the United States, the State of Illinois, and Defendant City.

9. Without a warrant and without reasonable belief that Plaintiff Edwards was guilty of a crime, Defendant Officer Tucker wrongfully and unreasonably seized, detained, and arrested Plaintiff Edwards.

10. Defendant Officer Tucker ordered Plaintiff Edwards to exit his vehicle and then forcibly removed Plaintiff Edwards from the vehicle.

11. Defendant Officer Tucker then proceeded to conduct a full search of Plaintiff Edwards, including pulling his pants down to his ankles and not allowing him to pull them up.

12. Defendant Officer Tucker then placed handcuffs on Plaintiff Edwards in an aggressive and overly restrictive manner.

13. At this time, Defendant Officer Tucker then proceeded to conduct a search of Plaintiff Edwards' vehicle, without a warrant, without consent, and without reasonable belief that Plaintiff Edwards was guilty of a crime.

14. Plaintiff Edwards was then placed in a police squad car and was told by Defendant Officer Tucker that if Plaintiff Edwards brought in two guns to the Chicago Police Department, then the Officer would release Plaintiff Edwards.

15. Plaintiff George Edwards, brother, Taverss Edwards, brought two guns to a Chicago Police Officer, who told Plaintiff Edwards that he would be released in the morning of December 2, 2006.

16. Plaintiff George Edwards was then instead transported to Cook County Jail, where he spent approximately four days in custody.

17. Defendant Officers Tucker and Lee wrongfully and unreasonably charged Plaintiff Edwards with possession of a controlled substance (Case No. 07 CR 948).

18. Defendant Officer Tucker has routinely and consistently stopped and detained Plaintiff Edwards in an effort to harass him, without any reasonable belief or probable cause that Plaintiff Edwards was guilty of a crime.

19. On November 27, 2007, all charges against Plaintiff Edwards were dismissed by Judge Linnehan at the hearing of his motion to quash arrest and suppress evidence on a finding of credibility against Police Officer Tucker.

### Count I – 42 U.S.C. § 1983 False Arrest

20. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

21. On December 1, 2006, Plaintiff Edwards was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

22. Defendant Officers Tucker and Lee #1 unlawfully and maliciously arrested Plaintiff Edwards and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

23. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

24. The acts committed by Defendant Officers Tucker and Lee were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against these Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 Unlawful Search

25. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

26. Defendant Officers entered and searched Plaintiff Edwards' vehicle on December 1, 2007 even though the Defendant Officers possessed no justifiable basis for the entry and/or search and lacked probable cause, in violation of the 4th Amendment to the United States Constitution.

27. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

28. The aforementioned actions of Defendant Officers and Defendant City proximately caused Plaintiff Edwards to be deprived of his 4th Amendment right to be free from unlawful searches to which probable cause did not exist.

WHEREFORE, Plaintiff Edwards prays for judgment against these Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III – False Imprisonment

29. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

30. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

31. On December 1, 2006, Plaintiff Edwards was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

32. Defendant Officers and Defendant City of Chicago unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

33. The acts committed by Defendant Officers and Defendant City of were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and the City of Chicago in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against each of the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count IV – Intentional Infliction of Emotional Distress

34. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

35. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

36. Defendant Officers' continuing pattern of unlawful seizures of Plaintiff were committed with intentional disregard for the Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

37. Defendant Officers intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

38. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to emotional harm, legal, and other out-of-pocket costs; and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against each of the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count V – 42 U.S.C. § 1983 Conspiracy

39. Plaintiff re-alleges paragraph 1 through 19 as if fully repleaded herein.

40. Defendant Officers and Defendant City of Chicago reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

41. Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

42. Additionally, said conspiracy and joint action violated Plaintiff's 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

43. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the pattern of illegal seizures, detentions, and searches of Plaintiff.

44. The misconduct described in this Count was undertaken pursuant to the policy

and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

45. This course of conduct by Defendants was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendants in a fair and just amount sufficient to compensate him for the injuries they suffered, plus, Plaintiff seeks a substantial sum in punitive damages against each of the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count VI – Conversion

46. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

47. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

48. On December 1, 2006, Plaintiff was the rightful and legal owner of a 2002 Chevy Impala as well as Four Hundred Forty-Two U.S. Dollars.

49. On this date, Plaintiff had an absolute and unconditional right to the immediate possession of the vehicle and the currency.

50. Defendant Officers and Defendant City wrongfully and without authorization assumed control and dominion over the vehicle and currency.

51. At the time of this conversion, Plaintiff made a demand for the possession of his vehicle and the cuirrency.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the loss of his vehicle and currency by Defendants' actions, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count VII—State Law Claims Against Defendant City
## *Respondeat Superior* and Indemnification

52. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

53. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

54. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

GEORGE EDWARDS,
Plaintiff,

By:_____
Jeffrey B. Granich
Attorney for Plaintiff

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030

KATIE Z. EHRMIN
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6292120