UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

**GEORGE EDWARDS**

V.

**CITY OF CHICAGO, et.al.,**

No. 07 C 6747
Judge Guzman

MAGISTRATE JUDGE

DENLOW
JURY TRIAL DEMANDED

## ANSWER TO COMPLAINT

Now come    Defendants, City of Chicago, Tucker and Lee their attorneys, Tiffany Y. Harris for their answer to the plaintiff's complaint and states as follows:

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivationunder color of law of Plaintiff s rights as secured by the United StatesConstitution.

Answer:   Defendants admit the allegations of paragraph one.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343and 1367.

Answer:   Defendants admit the allegations of paragraph two.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicialdistrict and the events giving rise to the claims asserted in this complaintoccurred within this district.

Answer:   Defendants admit the allegations of paragraph three.

## PARTIES

4. At all times relevant hereto, Plaintiff George Edwards was an African-American, male resident of Chicago, Illinois.

Answer: Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph four.

5. At all times relevant hereto, Chicago Police Officer Tucker, Star No. 5542 and Chicago Police Officer Lee, Star No. 15949, were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

Answer: Defendants admit the allegations of paragraph five.

6. Defendant City of Chicago is a municipal corporation existing under the laws of Illinois, and is the employer and principal of the Defendant Officers.

Answer: Defendants admit the allegations of paragraph six.

## FACTUAL ALLEGATIONS

7. On or about the afternoon of December 1, 2006, in the vicinity of 555 West 61st Street, Chicago, Illinois, Plaintiff Edwards was pulled over in his vehicle by Defendant Officers.

Answer: Defendants admit the allegations of paragraph seven.

8. At this time, Defendant Officers did not observe Plaintiff Edwards violate any laws, statutes, and ordinances of the United States, the State of Illinois, and Defendant City.

Answer: Defendants deny the allegations of paragraph eight.

9. Without a warrant and without reasonable belief that Plaintiff Edwards was guilty of a crime, Defendant Officer Tucker wrongfully and unreasonably seized, detained, and arrested Plaintiff Edwards.

Answer: Defendants deny the allegations of paragraph nine.

10. Defendant Officer Tucker ordered Plaintiff Edwards to exit his vehicle and then forcibly removed Plaintiff Edwards from the vehicle.

Answer:     Defendants deny the allegations of paragraph ten.

11.     Defendant Officer Tucker then proceeded to conduct a full search of Plaintiff Edwards, including pulling his pants down to his ankles and not allowing him to pull them up.

Answer:     Defendants deny the allegations of paragraph eleven.

12.     Defendant Officer Tucker then placed handcuffs on Plaintiff Edwards in an aggressive and overly restrictive manner.

Answer:     Defendants deny the allegations of twelve.

13.     At this time, Defendant Officer Tucker then proceeded to conduct a search of Plaintiff Edwards' vehicle, without a warrant, without consent, and without reasonable belief that Plaintiff Edwards was guilty of a crime.

Answer: Defendants deny the allegations of paragraph thirteen.

14.     Plaintiff Edwards was then placed in a police squad car and was told by Defendant Officer Tucker that if Plaintiff Edwards brought in two guns to the Chicago Police Department, then the Officer would release Plaintiff Edwards.

Answer:     Defendants deny the allegations of paragraph fourteen.

15.     Plaintiff George Edwards, brother, Taverss Edwards, brought two guns to a Chicago Police Officer, who told Plaintiff Edwards that he would be
        released in the morning of December 2, 2006.

Answer:     Defendants deny the allegations of paragraph fifteen.

16.     Plaintiff George Edwards was then instead transported to Cook County Jail,where he spent approximately four days in custody.

Answer:     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph sixteen.

17.     Defendant Officers Tucker and Lee wrongfully and unreasonably charged Plaintiff Edwards with possession of a controlled substance (Case No. 07 CR 948).

Answer:     Defendants deny the allegations of paragraph seventeen.

18.     Defendant Officer Tucker has routinely and consistently stopped and detained Plaintiff Edwards in an effort to harass him, without any reasonable belief or probable cause that Plaintiff Edwards was guilty of a crime.

Answer:     Defendants deny the allegations of paragraph eighteen.

19.     On November 27, 2007, all charges against Plaintiff Edwards were dismissed by Judge Linnehan at the hearing of his motion to quash arrest and suppressevidence on a finding of credibility against Police Officer Tucker.

Answer:     Defendants admit the charges against the plaintiff were dismissed but deny that there was a finding of credibility against Police Officer Tucker.

### Count I - 42 U.S.C. $ 1983 False Arrest

20.     Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

Answer: Defendants re-assert their answers to paragraphs one through nineteen as their answer to paragraph twenty as though fully set forth herein.

21.     On December 1, 2006, Plaintiff Edwards was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff s rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

Answer:     Defendants deny the allegations of paragraph twenty-one.

22.     Defendant Officers Tucker and Lee #1 unlawfully and maliciously arrested Plaintiff Edwards and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

Answer:     Defendants deny unlawfully and maliciously arresting the plaintiff, Edwards and deny wrongfully detaining and searching the plaintiff without the legal right to do so but admit that at the time of the alleged incident they were acting in their official capacity as law enforcement officers, under color of state law and acting within the scope of their employment.

23.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:
   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issuehere by failing to adequately train, supervise and control itsofficers, and its failure to do so constitutes deliberate indifference;
   b. As a matter of both policy and practice, the Chicago Police Department facilitates the

type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will notfully investigate these accusations and will almost always refuse torecommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrong doing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

Answer:    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights. Defendants deny the remaining allegations in paragraph 16, including all of its subparts.

24. The acts committed by Defendant Officers Tucker and Lee were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff s constitutional rights and would cause harm to Plaintiff.

Answer:   Defendants deny the allegations of paragraph twenty-four.

WHEREFORE, Defendants pray for judgment in their favor and against the plaintiff with costs assessed to the plaintiff.

### Count II - 42 U.S.C. $ 1983 Unlawful Search

25.   Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

Answer:   Defendants re-assert their answers to paragraph one through nineteen as their answer to paragraph twenty-five as though fully set forth herein.

26. Defendant Officers entered and searched Plaintiff Edwards' vehicle on December 1, 2007 even though the Defendant Officers possessed no justifiable basis for the entry and/or search and lacked probable cause, in violation of the 4th Amendment to the United States Constitution.

Answer:   Defendants deny the allegations of paragraph twenty-six.

27.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

  a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
  b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
  c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrong doing in a disproportionately small number of cases;
  d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report

      misconduct committed by other Officers, such as the misconduct at issue in this case;
- e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;
- f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,
- h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

    Answer:    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.  Defendants deny the remaining allegations in paragraph 16, including all of its subparts.

28. The aforementioned actions of Defendant Officers and Defendant City proximately caused Plaintiff Edwards to be deprived of his 4th Amendment right to be free from unlawful searches to which probable cause did not exist

    Answer:    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.  Defendants deny the remaining allegations in this paragraph, including all of its subparts. Defendants deny the allegations of paragraph twenty-eight..

    WHEREFORE, Defendants pray for judgment in their favor and against the plaintiff with costs assessed to the plaintiff.

### Count III - False Imprisonment

29. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

    Answer:    Defendants re-assert their answers to paragraphs one through nineteen as their answers to paragraph twenty-nine as though fully set forth herein.

30. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under

title 28, United States Code § 1367.

Answer:   Defendants admit the allegations of paragraph thirty.

31. On December 1, 2006, Plaintiff Edwards was seized and detained without awarrant and without probable cause. This detention and seizure was inviolation of the Plaintiffs rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

Answer:   Defendants deny the allegations of paragraph thirty-one.

32. Defendant Officers and Defendant City of Chicago unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

Answer:   Defendants deny the allegations of paragraph thirty-two.

33. The acts committed by Defendant Officers and Defendant City of were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff s constitutional rights and would cause harm to Plaintiff.

Answer:   Defendants deny the allegations of paragraph thirty-three.

WHEREFORE, Defendants pray for judgment against the plaintiff and in favor of the Defendants with costs assessed to the plaintiff.

## Count IV - Intentional Infliction of Emotional Distress

34. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

Answer:   Defendants re-assert their answers to paragraphs one through nineteen as their answer to paragraph thirty-four as though fully set forth herein.

35. Jurisdiction of this court is invoked pursuant to its supplemental jurisdictionunder title 28, United States Code §1367.

Answer:   Defendants admit the allegations of paragraph thirty-five.

36. Defendant Officers' continuing pattern of unlawful seizures of Plaintiff were committed with intentional disregard for the Plaintiffs innocence, and amount to extreme and outrageous conduct against Plaintiff.

Answer:   Defendants deny committing any continuing patterns of unlawful seizures of the plaintiff and further deny the remaining allegations of paragraph thirty-six.

37. Defendant Officers intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

   Answer:   Defendants deny the allegations of paragraph thirty-seven.
38.   As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to emotional harm, legal, and other out-of-pocket costs; and other damages which will be provenat trial

   Answer:   Defendants deny the allegations of paragraph thirty-eight..

   WHEREFORE, Defendant prays for judgment in their favor and against the Plaintiff with costs assessed to the plaintiff.

### Count V - 42 U.S.C. § 1983 Conspiracy
39.   Plaintiff re-alleges paragraph 1 through 19 as if fully repleaded herein.

   Answer:   Defendants re-assert their answers to paragraphs one through nineteen as their answers to paragraph thirty-nine as though fully set forth herein.

40.   Defendant Officers and Defendant City of Chicago reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

   Answer:   Defendants deny the allegations of paragraph forty.
41.   Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge thatit would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

   Answer:   Defendants deny the allegations of paragraph forty-one.
42.   Additionally, said conspiracy and joint action violated Plaintiffs 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

   Answer:   Defendants deny the allegations of paragraph forty-two.

43.   Acting in furtherance of this plan and conspiracy, Defendants did commitovert acts, including the pattern of illegal seizures, detentions, and searches ofPlaintiff.

   Answer:   Defendants deny the allegations of paragraph forty-three.
44.   The misconduct described in this Count was undertaken pursuant to the policy

and practice of the Chicago Police Department in that:
 a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such asthose affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will notfully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoingin a disproportionately small number of cases;

   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

   f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

   g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

      h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

      Answer:   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.  Defendants deny the remaining allegations in this paragraph, including all of its subparts.

45.   This course of conduct by Defendants was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

   Answer:   Defendants deny the allegations of paragraph forty-five.

WHEREFORE, Defendants pray for judgment in their favor and against the plaintiff with costs assessed to the plaintiff.

### Count VI - Conversion

46. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

Answer: Defendants re-assert their answers to paragraphs one through nineteen as their answer to paragraph forty-six as though fully set forth herein.

47. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

Answer: Defendants admit the allegations of paragraph forty-seven.

48. On December 1, 2006, Plaintiff was the rightful and legal owner of a 2002 Chevy Impala as well as Four Hundred Forty-Two U.S. Dollars.

Answer: Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph forty-eight.

49. On this date, Plaintiff had an absolute and unconditional right to the immediate possession of the vehicle and the currency.

Answer: Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph forty-nine.

50. Defendant Officers and Defendant City wrongfully and without authorization assumed control and dominion over the vehicle and currency.

Answer: Defendants deny the allegations of paragraph fifty.

51. At the time of this conversion, Plaintiff made a demand for the possession of his vehicle and the currency.

Answer: Defendants deny the allegations of paragraph fifty-one.

WHEREFORE, Defendants pray for judgement in their favor and against the plaintiff with costs assessed to the plaintiff.

### Count VII—State Law Claims Against Defendant City *Respondent Superior* and Indemnification

52. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

Answer: Defendants re-assert their answers to paragraphs one through nineteen as

their answer to paragraph fifty-two as though fully set forth herein.

     53. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

     Answer:    Defendants state that the allegation of this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is deemed denied.

     54. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

     Answer:    Defendants admit that the Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendants state that the remaining allegation of this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is deemed denied.

WHEREFORE, Defendants pray against the Plaintiff and in favor of the Defendants with costs assessed to the Plaintiff.

## **AFFIRMATIVE DEFENSES**

    1.    Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (1994).

    2.    To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (1994).

    3.    Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

    4.    Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care. 745 ILCS 10/4-105 (1994).

     5.     To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

     6.     To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

     7.     Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment.  *Wright v. City of Danville*, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

     8.     Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the City is not liable under section 1983 for its employees' misconduct.

     9. As to all federal claims, at all times during the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances then confronting Officers Craig Landrum and Gregory Jones during the incident which allegedly provides the basis for the present case, could have reasonably believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time.  Officers Craig Landrum and Gregory Jones are therefore entitled to qualified immunity.

## JURY DEMAND

Defendants requests a trial by jury.

                                                      Officer Tucker, Officer Lee
                                                      and the City of Chicago

                                                      */s/Tiffany Y. Harris*

Tiffany Y. Harris
Assistant Corporation Counsel
City of Chicago
Department of Law

Individual Defense Litigation
30 North LaSalle Street
Suite 1400
Chicago, IL 60602